**U.S. Department of Justice**

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

*Eastern District of Louisiana*
*U. S. Attorney's Office*

Filed 5-11-05
LORETTA G. WHYTE
CLERK

*William J. Quinlan, Jr.*
*Assistant United States Attorney*

*Hale Boggs Federal Building*
*500 Poydras Street, Room 210B*
*New Orleans, LA   70130*

*Telephone # :(504) 680-3028*
*Fax # : (504) 589-6727*

May 11, 2005

Honorable Eldon E. Fallon
United States District Judge
Eastern District of Louisiana
500 Camp Street C-456
New Orleans, Louisiana  70130

Re:   United States v. Eddie Mosley
      Criminal Docket No. 04-160 "L"

Dear Judge Fallon:

In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Eddie Mosley, the defendant, in the above-captioned proceeding.  Defendant's undersigned counsel, Martin E. Regan, Jr., has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

The defendant has agreed to plead guilty to Count One of the indictment charging the defendant with a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)and 846 (Conspiracy to Distribute and Possess with the Intent to Distribute 50 grams or more of cocaine base ("crack") and 5 kilograms or more of cocaine hydrochloride).

The Government agrees that should the Court accept the defendant's plea of guilty to Count One of the Indictment, the Government will request that the Court dismiss Count Three of the Indictment as it pertains to this defendant, at the time of sentencing.  The defendant understands that the Court is not bound to dismiss any count.

If the Court accepts the defendant's plea of guilty to Count One of the indictment, the defendant understands that the penalties he may receive is a minimum term of imprisonment of not less than ten years and a maximum term of life imprisonment and a fine of not more than $4,000,000.

\_\_\_\_ Fee \_\_\_\_
\_\_\_\_ Process \_\_\_\_
 X   Dkt
\_\_\_\_ CtRmDep \_\_\_\_
Doc.No. \_\_\_\_

Further, the defendant understands that a mandatory special assessment fee of $100.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after any sentence of imprisonment for a period of at least five years as to Count One pursuant to Title 21, United States Code, Section 841(b)(1)(A). Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if the defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal his sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that he/she may have the right to request DNA testing of physical evidence in the government's possession and applicable to this case pursuant to Title 18, United States Code, Sections 3600 and 3600A. Pursuant to this agreement, the defendant knowingly and voluntarily waives and relinquishes any such right and fully understands that, as a result of this waiver, the defendant will not have another opportunity to have the physical evidence in this case submitted for DNA testing or to employ the results of DNA testing to support any claim of innocence regarding the offense(s) to which the defendant is pleading guilty. In addition, the defendant also understands that the government may dispose of such evidence upon the defendant's entering a plea of guilty.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands he must be completely truthful. The defendant also agrees to appear before any Grand Jury or trial jury and to testify truthfully. The defendant understands if he is not truthful, this agreement will be null and void and defendant may be prosecuted for perjury or making false statements. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the Government as to any person defendant believes to be violating the law and defendant agrees to assist the Government with regard to the investigation and prosecution of criminal conduct.

The Government agrees to bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing. The United States may, but shall not be required to make a motion requesting the Court to depart from the sentencing guidelines in the event the defendant provides "substantial assistance". It shall be in the sole discretion of the United States Attorney as to whether a motion requesting departure from the sentencing guidelines should be filed.

The Government also agrees that any statements or testimony given by the defendant pursuant to questions asked by federal agents or prosecutors as a result of this agreement will not be used against the defendant nor will anything derived from the statements or testimony be used against the defendant except for the purpose of impeachment. However, all parties understand that any statements or testimony given by the defendant can be used as leads or for any other reason against other persons. Further, the defendant fully understands that should he commit perjury or give false statements to federal agents, the statements and testimony can be used to prove those offenses, and he faces additional criminal charges.

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in any assets or interest in assets, including but not limited to cash assets, negotiable instruments, securities, property or other things of value, including any and all property which has been transferred or sold to or deposited with any third party, known or unknown by the defendant for a period of not less than 10 years prior to the date of the signing of this agreement that were involved in, used in, intended for use in, or obtained through, financial institution fraud, as well as any asset, interest, or proceeds defendant received or could receive or cause to be received by a third party in the future, directly or indirectly, in whole or in part, from defendant's illegal activities.

3

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500 (attached), and to provide the attached list of documents. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JIM LETTEN
UNITED STATES ATTORNEY

_____
William J. Quinlan, Jr.
Assistant United States Attorney

_____
Martin E. Regan, Jr.
Attorney for the Defendant (Date)

_____
Eddie Mosley
Defendant (Date)

4